IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NANCY M. HENTSCHEL § § § § **Plaintiff,** § v. § § § WELLS FARGO HOME MORTGAGE § COMPANY, ASSURANT/AMERICAN § SECURITY INS., INC., ALAN COLBERG § **Defendants.** § | CIVIL ACTION NO. 4:15 CV 2242 JURY |

**AMERICAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL**

1.   Defendant American Security Insurance Company ("American Security") files this Notice of Removal against Plaintiff Nancy Hentschel ("Plaintiff") as follows:

**I. COMMENCEMENT AND SERVICE**

2.   The underlying lawsuit was commenced on April 10, 2014, when Plaintiff filed her Statement of Claim in the Justice Court of Precinct Four, Fort Bend County, Texas, styled Case No. 14-JSC41-00137; *Nancy M. Hentschel vs. Wells Fargo Home Mortgage Company et. al.*[1] American Security received service of the citation on July 21, 2015.[2]

3.   This Notice of Removal is filed within thirty days of the receipt of process of a copy of the initial pleading, from which it was ascertained that the case is one which is removable, and is timely filed under 28 U.S.C. § 1446(b).  This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

---

[1] *See* Exhibit D, Docket Sheet.
[2] *See* Exhibit A, Executed Process.

1

## II. GROUNDS FOR REMOVAL

4. American Security is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## III. DIVERSITY OF CITIZENSHIP

5. This is an action with complete diversity of citizenship between Plaintiff and the Defendants.

6. Plaintiff is domiciled at 6610 Kendall Creek Dr., Sugar Land, Texas and is therefore a citizen of the state of Texas within the meaning and intent of 28 U.S.C. § 1332.[3]

7. Defendant American Security is a Delaware insurance company authorized to transact business in Texas. American Security is organized under the laws of Delaware, and its principal place of business is located in Atlanta, Georgia. American Security is therefore a citizen of the states of Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332.

8. Defendant Assurant Inc.,[4] is a Delaware corporation authorized to transact business in Texas, whose shares are traded on the New York Stock Exchange under the symbol AIZ, and whose principal place of business is in New York, New York. Assurant is therefore a citizen of the states of Delaware and New York within the meaning and intent of 28 U.S.C. § 1332.

9. Alan Colberg is a citizen of New York within the meaning and intent of 28 U.S.C. § 1332.

---

[3] Ex. B-1, Pl.'s Statement of Claim

[4] Plaintiff improperly sued Assurant, Inc. for matters related to an insurance dispute. Assurant is not, and has never been an insurance company. Assurant has never sold, underwritten, issued, or marketed insurance policies in Texas or any other state. Additionally, Assurant does not collect, and never has collected, premiums paid for insurance policies

10. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the proper parties.

## IV. AMOUNT IN CONTROVERSY

11. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options. The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount.[5] If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's removal papers or (ii) making an independent appraisal of the amount of the claim.[6] In this Circuit, the amount in controversy is calculated by considering all potential damages.[7]

12. If this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on American Security's removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00. On July 21, 2015, Plaintiff served her Amended Statement of claim stating that she was seeking to quiet title to the property located at 3211 Vista Lake Drive, Sugarland, Texas 77478 (the "Property"). In an action seeking to quiet title to

---

[5] *See* U.S.C. § 1446(b)(3); U.S.C. § 1446(c)(3)(A).

[6] *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[7] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenerg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs."); *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

property, the amount in controversy is equal to the value of the property.[8] Available facts, through the Fort Bend County Appraisal district, show that the assessed value of the Property to be $305,660.[9] As such, the amount in controversy for this action exceeds the jurisdictional limits of this Court.

## V. VENUE

13. Venue lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

## VI. CONSENT TO REMOVAL

14. Defendants Wells Fargo Home Mortgage Company, Assurant, Inc. and Alan Colberg consent to this removal.[10]

## VII. NOTICE

15. Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VIII. STATE COURT PLEADINGS

16. Copies of all state court pleadings and orders are attached to this Notice of Removal.

---

[8] *See Dillard Family Trust v. Chase Home Fin., LLC*, Civil Action No. 3:11-CV-1740-L, 2011 WL 6747416, at *4 (N.D. Tex. Dec. 23, 2011); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961) (internal citations omitted) ("courts look to the value of the property involved rather than the damages that might be suffered to determine the jurisdictional amount in suits for injunctions, in suits for specific performance of a contract to convey realty, and in suits to remove a cloud from the title of realty.").

[9] Exhibit H, Fort Bend County Appraisal District Property Detail.

[10] *See* Exhibit I–K, Consents to Removal.

## IX. EXHIBITS TO NOTICE OF REMOVAL

17. Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

- A. All executed process in the case;

- B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    1. Plaintiff's Statement of Claim;

    2. Wells Fargo's Intent to Defend;

- C. All orders signed by the state judge;

- D. Docket sheet;

- E. An index of matters being filed;

- F. A list of all counsel of record, including addresses, telephone numbers and parties represented;

- G. Civil Cover Sheet;

- H. Fort Bend County Appraisal District Property Detail;

- I. Wells Fargo Home Mortgage Company Consent to Removal.

- J. Assurant Inc.'s Consent to Removal

- K. Alan Colberg Consent to Removal

## X. CONCLUSION

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Justice Court of Precinct Four, Fort Bend County, Texas to this Court.

                                              EDISON, MCDOWELL & HETHERINGTON, LLP

                                              By:/s/   David T. McDowell
                                                      David T. McDowell
                                                      State Bar No. 00791222
                                                      Federal ID No. 18464
                                          Phoenix Tower
                                          3200 Southwest Freeway
                                          Suite 2920
                                          Houston, Texas 77027
                                          Telephone: (713) 337-5580
                                          Facsimile:  (713) 337-8850

                                          *Attorney-in-Charge for Defendants American Security Insurance Company, Assurant Inc., and Alan Colberg.*

Of Counsel:

Bradley J. Aiken
State Bar No. 24059361
Federal Bar No. 975212
Justin M. Kornegay
State Bar No. 24077668
Federal Bar No. 1717328
EDISON, MCDOWELL & HETHERINGTON, LLP
Phoenix Tower
3200 Southwest Freeway
Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5586
Facsimile:  (713) 337-8850

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on August 4, 2015, on the following counsel of record by certified mail, return receipt requested:

Nancy Hentschel
6610 Kendall Creek Dr.
Sugar Land, TX 77479

Maria S. Rodarte
Suzanne R. Haley
Wells Fargo Home Mortgage
333 S. Grand Ave., Suite 800
Los Angeles, CA 90071

                                                             /s/ Bradley J. Aiken
                                                                 Bradley J. Aiken